**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR RAMOS, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PRO30 FUNDING, et al.,<br><br>                    Defendants. | CASE NO. 11cv261-MMA (BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 8] |

On February 8, 2011, Plaintiffs Cesar Ramos, et al. commenced this action against Defendants Pro30 Funding, et al. Defendants Mortgage Electronic Registration System, Inc. ("MERS") and Wells Fargo Bank now move to dismiss Plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(e) as vague and uncertain, or in the alternative, pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief. Plaintiffs have not filed an opposition to the motion.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, Plaintiffs' first amended complaint is not only frivolous and void of any plausible claims for relief, it is almost completely unintelligible. It is therefore subject to dismissal pursuant to Federal Rules of Civil Procedure 8, 12(e), and 12(b)(6). Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court **DISMISSES** the complaint **with prejudice**. *Franklin v. Murphy*, 245 F.2d

1221, 1228 n.9 (9th Cir. 1984); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted").

Furthermore, the Court notes that it "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The Court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); *see also Bach v. Mason*, 190 F.R.D. 567, 571 (D. Idaho 1999); *Ricotta v. California*, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Although Defendants Pro30 Funding, Alliance Title Company, Deborah Bass, and Vassalees have not yet appeared in this action, these defendants are in a position similar to that of Defendants MERS and Wells Fargo. Even if properly served, they cannot possibly be expected to answer or otherwise respond to Plaintiffs' unintelligible pleading. Therefore, the Court **DISMISSES** Plaintiffs' claims against these defendants **with prejudice**.

This order disposes of this matter in its entirety. Accordingly, the Court instructs the Clerk of Court to enter judgment in favor of Defendants and terminate the case. No further filings will be accepted in this action.

**IT IS SO ORDERED**.

DATED: May 19, 2011

Hon. Michael M. Anello
United States District Judge